Filed 1/18/24  P. v. Thompson CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>FRED THOMPSON,<br><br>        Defendant and Appellant. | A168212<br><br>(Alameda County<br>Super. Ct. No. 21-CR-010327B) |

Fred Thompson appealed after he was sentenced under a plea agreement to two years' probation in connection with theft from home-improvement stores in Alameda County.  His appellate attorney has asked the court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  We find no arguable issues but order that an unauthorized $10 fine be stricken.

Thompson and another man were charged by felony complaint in August 2021 with organized retail theft.  A prosecutor represented that the complaint was "just basically the Alameda jurisdiction" portion of an "investigation . . . [in]to a large amount of theft over a large portion of Northern California."  The complaint further alleged that Thompson had five prior felony convictions.

1

Thompson in May 2023 pleaded no contest under a plea agreement to one count of organized retail theft in concert (Pen. Code, § 490.4, subd. (a)(1)).[1]  Thompson later admitted to the aggravating factor that the crime involved great monetary value.  (Cal. Rules of Court, rule 4.421(a)(9).)  Under the agreement, the prior-felony allegations, along with charges in a separate case, were dismissed.  Thompson waived his "right to appeal from [his] conviction, including an appeal from the denial of any pretrial motions."  He also agreed at his plea hearing to "a five-way search clause," meaning he must submit his person, residence, vehicle, property, and electronic devices to search at any time.[2]

The trial court sentenced Thompson to two years' probation and imposed fines, including a $10 "theft fine" under section 1202.5, which was stayed based on an inability to pay.  But although section 1202.5 authorizes the imposition of a $10 fine for various theft crimes, it has not been amended since the enactment of section 490.4 and thus does not list it.  We therefore consider it appropriate to strike the fine as unauthorized since Thompson was convicted of a crime not listed in section 1202.5.  We find no other arguable issues.

---

[1] All statutory references are to the Penal Code.

[2] A different defense attorney represented Thompson at his sentencing hearing.  The new attorney argued that a search clause covering cell phones is unconstitutional because it is overbroad and vague.  The prosecutor and the trial court noted that the search condition was being imposed on Thompson because evidence had been found on his phone, and that Thompson had agreed to the condition in any event.  After Thompson first appealed, he filed an amended notice of appeal requesting a certificate of probable cause to challenge the electronics-search condition.  The clerk of the superior court has certified that the request was not properly before the court and thus the court did not rule on it.

The order granting probation is affirmed, except the $10 fine ordered pursuant to section 1202.5 shall be stricken.

_____

Humes, P.J.


WE CONCUR:




_____

Banke, J.




_____

Castro, J.*




*Judge of the Superior Court of the County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


*People v. Thompson*  A168212